OPINION
{¶ 1} This is an appeal from the judgment of the Allen County Court of Common Pleas, Juvenile Division granting permanent custody of the minor child Josey Lafaye Denny (formerly known as Josey Rinaldi) to Appellee Allen County Children's Services Board. Appellant is the child's father, Harold Bradford. The child's mother, Angela Rinaldi is not a party to this appeal.
 {¶ 2} The record presents the following facts. Angela Rinaldi gave birth to Josey on August 3, 2000 and shortly thereafter was hospitalized for psychiatric treatment at St. Rita's Medical Center in Lima, Ohio. Upon her release, hospital personnel expressed concerns regarding Angela's ability to care for her two minor children. On August 26, 2000, a social worker from the Allen County Children's Services Board ("Agency") initiated an investigatory visit to Angela's residence and discovered the home to be unsanitary and infested with insects. Additionally, Angela was overtly apathetic regarding the care of her children. Consequently, the Agency sought and received an order for the emergency removal of Josey and her sibling.
 {¶ 3} On August 28, 2000, the Allen County Court of Common Pleas, Juvenile Division placed Josey in the shelter care of the Agency with a provision that her "alleged father" be provided visitation as appropriate. Appellant Harold Bradford appeared at the shelter care hearing and identified himself as Josey's biological father; however, his paternity as to Josey had never been established. On that same day, the Agency filed a complaint alleging Josey to be a neglected and/or dependent child. Appellant was identified in the complaint as Josey's "alleged father". The Agency later amended the complaint to reflect Angela's current husband, David Rinaldi, as Josey's "presumed father".
 {¶ 4} On November 27, 2000, the trial court adjudicated Josey a dependent child. The trial court granted the Agency temporary custody of Josey. On December 18, 2000, Appellant filed a motion for Legal Custody and Visitation that included the results of genetic testing conclusively identifying him as Josey's biological father. The matter came to hearing before a magistrate, on June 1, 2001, wherein the Agency opposed Appellant's motion, citing "anger management issues" and a "long history of agency and law enforcement involvement with the father and other members of his household."
 {¶ 5} In support of its opposition, the Agency presented evidence that in 1985, Appellant was convicted of child endangering after an incident in which he repeatedly struck his step-son with a curtain rod as corporal punishment. Additionally, the agency presented evidence that as recently as January 2001, Appellant and his wife Cheryl were involved in a domestic altercation after Appellant spanked their fourteen-year old daughter as punishment for running away from home. In a decision dated July 3, 2001, the magistrate determined that it was unlikely that Josey could be returned to her mother within a reasonable time. Regarding Appellant, the magistrate stated,
 It does not appear as unlikely that the child could eventually be placed with the father. There are a number of issues which need to be seriously and effectively addressed, particularly his apparent inability to at this point control his anger and inappropriate parenting techniques. But if he continues to address the anger control issues, participates in parenting classes to learn more effective and less violent parenting techniques, and can demonstrate the ability to apply these techniques, it may be possible that the child can be placed in his care in the reasonably foreseeable future.
 {¶ 6} In light of these observations, the magistrate recommended that Josey remain in the temporary custody of the Agency and that Appellant be required to participate in individual counseling to address his anger management issues as his "difficulties in anger control were also readily apparent from his testimony." The trial court adopted the magistrate's decision on July 24, 2001 and Appellant was ordered to attend the counseling as recommended. Furthermore, the Agency was ordered to modify Josey's case plan to address Appellant's problem with anger.
 {¶ 7} The Agency filed a motion for permanent custody of Josey on September 19, 2001. The trial court held a hearing on December 18, 2001, which was then continued on March 4, 2002.
 {¶ 8} At the hearing, several witnesses testified. Dr. Tiffany Monford, a psychologist who treated Appellant as to his anger management issues, testified to, among other things, that while Appellant had made improvements in his anger management, he would have to take final responsibility for his behavior.
 {¶ 9} Tamara Kilzer, one of Josey's former case workers at Allen County Children's services, testified, among other things, that the overriding concerns of the Agency were Appellant's visitation with the child and Appellant's anger management. Additionally, Kilzer testified that Appellant completed a group counseling program but was later referred to individual counseling because Appellant still had "quite a temper." Furthermore, Kilzer testified that Appellant would "get up in [her] face" and that she was instructed by her supervisor not to visit Appellant's home alone because of his anger towards her.
 {¶ 10} Tracy Nelson, a subsequent caseworker of Josey's testified, among other things, that the overriding concern of the Agency was "Harold's anger and his ability to control that anger." Nelson further testified that while Appellant had complied with several requests to go to certain services recommended by the Agency, she did not feel that Appellant had actually learned much from these services. Nelson also testified that Appellant was convicted in 1992 for domestic violence between him and his wife and was also convicted in 1985 for abusing his step-son with a curtain rod. The journal entry of conviction was submitted at the hearing as to the abuse conviction and the Lima Municipal Court criminal docket was submitted at the hearing as to the domestic violence conviction. Finally, Nelson testified that there are eight children between Appellant and his wife of which, three children have, at one time, been temporarily removed from the home by children's services, one child has been adopted and one child has sexually abused another sibling resulting in a conviction for gross sexual imposition.
 {¶ 11} Jeanie Lantz, the person who supervised the visits between Appellant and Josey, testified that while she noticed an improvement in Appellant's ability to control his anger, she heard Appellant yell at one of his children after a visit with Josey at the Agency wherein the child developed a red mark on his face after the argument which was not on his face before the argument. Lantz further testified that after the argument, Appellant then pushed the child in the back and "by dragging, he pulled him across the street." Finally, Lantz testified to an encounter with Appellant during a visit with Josey, in May of 2001 wherein "Harold was so angry his face was shaking" and she consequently had to remove Josey from Appellant's arms.
 {¶ 12} Dr. Hustak, a psychologist who conducted a psychological evaluation on Appellant, testified, among other things, that Appellant has poor impulse control when under stress and that he would force children to comply with what he wants them to do. Furthermore, Dr. Hustak testified that Appellant has no insight to his anger control problems and he is not likely to change. Dr. Hustak's report was submitted at the hearing.
 {¶ 13} On July 2, 2002, the trial court rendered a decision granting permanent custody to the Agency, finding that it was in her best interests and that she could not be placed with either of her parents within a reasonable amount of time. It is from this order that Appellant now appeals.
Appellant raises the following assignments of error:
 First Assignment of Error The trial court erred in when it found that the child Josey Rinaldi to be dependent when her biological father was willing, able, and qualified to care for her needs as in her best interests.
 {¶ 14} Appellant alleges that the trial court erred when it adjudicated Josey a dependent child. However, we are unable to reach the merits of Appellant's argument. An adjudication by a juvenile court that a child is "dependent", as defined in R.C 2151, followed by a disposition awarding temporary custody to a public children services agency, pursuant to R.C. 2151.353 is a final appealable order. In re Dickey, Defiance App. Nos. 4-01-01, 4-01-02, and 4-01-03, 2001-Ohio-2169, citing In reMurray (1990), 52 Ohio St.3d 155. Time limits for filing appeals are governed by App.R. 4, which provides that a "party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 15} As Appellant did not file a timely appeal from the order adjudicating Josey dependent, we are unable to consider the merits of the trial court's decision. Accordingly, Appellant's first assignment of error is overruled.
 Third Assignment of Error The trial court erred when it allowed submission of convictions of more than ten years old to be introduced into evidence and considered such evidence as factors relevant to its determination.
 {¶ 16} In his third assignment of error, which we elect to address before the second, Appellant alleges that the trial court erred when it allowed testimony regarding his 1985 conviction for child endangering and a 1992 conviction for domestic violence. However, we need not reach the merits of this argument as Bradford failed to object to the admission of these convictions at trial. In fact, when Bradford's counsel was asked whether he objected to the admittance of the judgment entry of conviction on the 1985 charge or the criminal docket sheet for the 1992 conviction, he replied "No, sir." Consequently, Appellant's third assignment of error is overruled.
 The second, fourth and fifth assignments of error will be discussed together.
 Second Assignment of Error
 The trial court erred when it found that the Allen County Children Services Board "made reasonable and good faith efforts and provide services required by the case plans to make it possible for the child to return to a parent."
 Fourth Assignment of Error
 The trial court's finding that the child could not be placed with a parent within a reasonable time and should not be placed with either parent is against the manifest weight of the evidence submitted to support such finding.
 Fifth Assignment of Error
 The trial court erred in concluding that the counseling described in Dr. Tiffany Monford's testimony indicated that "she had nothing further to offer that would change his behavior."
 {¶ 17} It is a firmly established principal of law that a parent has a fundamental right to care for and have custody of his or her child. In re Shaeffer Children (1993), 85 Ohio App.3d 683, 621 N.E.2d 426; citing Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388. Indeed, the United States Supreme Court has stated, "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, " Stanley v. Illinois (1972), 405 U.S. 645, 651, 92 S.Ct. 1208,1212-1213; citing Prince v. Massachusetts (1944), 321 U.S. 158, 166,64 S.Ct. 438. Therefore, the termination of parental rights is an alternative of last resort. See In re Wise (1994), 96 Ohio App.3d 619; Inre Cunningham (1979), 59 Ohio St.2d 100. As a trial court is in the best position to weigh witness credibility and to evaluate a child's needs, the standard for reviewing a trial court's grant of permanent custody is abuse of discretion. In re T.C., 140 Ohio App.3d 409, 2000-Ohio-1769,747 N.E.2d 881. Accordingly, a trial court's judgment will not be disturbed unless it is deemed to be unreasonable, arbitrary or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} Because a parent's constitutionally protected liberty interest is at stake in a permanent custody proceeding, due process requires the State to prove that applicable statutory factors have been met by clear and convincing evidence. In re Rodgers (2000),138 Ohio App.3d 510, 519, 741 N.E.2d 901; R.C. 2151.414. The relevant Ohio law provides that before a juvenile court can terminate parental rights and award permanent custody of a child who is neither abandoned nor orphaned and who has not been in the temporary custody of an agency for twelve or more months, to an agency of the state, it must find by clear and convincing evidence find that, (1) the grant of permanent custody to the agency is in the best interest of the child, and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Clear and convincing evidence is that evidence which creates a firm belief as to the facts sought to be established. In re Rodgers (2000), 138 Ohio App.3d 510, 519, citing Crossv. Ledford (1954), 161 Ohio St. 469.
 {¶ 19} When considering the best interests of a child, R.C.2151.414(D) directs the trial court to consider any relevant evidence and an enumerated list of five factors including,
 (1) The wishes of the child, as expressed * * * through the child's guardian ad litem.
 (2) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period. * * *
 (3) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 20} In the matter sub judice, the trial court concluded that, "[h]aving considered all relevant factors enumerated in O.R.C. 2151.414(D), granting permanent custody to the Allen County Children's Services Board is in the best interests of the child." In its entry, the trial court found the circumstances described in R.C. 2151.414(D)(3) and (4) present in this case noting that at the time of the hearing, Josey had been in the temporary custody of the Agency for twelve or more months and that Josey's need for a legally secure placement cannot be achieved without a grant of permanent custody to the agency. Furthermore, the Guardian Ad Litem's (Guardian) report, which the trial court stated that it considered, recommended that Josey be placed in the permanent custody of the Agency. In support of her recommendation, the Guardian reiterated several of the issues discussed by witnesses at the hearing noted above and also stated that appellant's "dysfunctional parenting has an extensive history including assaultive and combative behaviors. In the past, he has been convicted of domestic violence against his current wife and child endangering for excessive corporal punishment regarding one of his children" and that "despite his child endangerment conviction, he feels it is appropriate to hit his children." Additionally, the report also noted that a child of Appellant's wife was killed by another sibling by stabbing and that the child who was convicted of gross sexual imposition still frequents the Appellant's home.
 {¶ 21} Also, pursuant to 2151.414(D), the trial court could consider any other relevant evidence. In doing so, the court noted that,
 Although the father has substantially complied with the case plan goals and objectives a psychological evaluation for anger management by Dr. Thomas Hustak, a psychologist, reveals that the father has poor impulse control when under stress, would force children to comply with what he wants them to do, has no insight to his anger control problems, is not likely to change, and is a moderate risk of losing control without stress and a high risk of losing control with stress.
 The father was court ordered into individual counseling to address anger management issues, was seen for such by Dr. Tiffany Monford which counseling was then terminated by Dr. Monford after five (5) visits for the reason that no one could be helpful to the father in managing his anger until he assumed responsibility for his actions and that she had nothing to offer that would change his behavior.
 {¶ 22} Appellant argues that the trial court's findings as to Dr. Monford are not supported by the record. Specifically, Appellant points to a portion of Monford's testimony wherein she stated that she discontinued seeing Appellant, "because Harold has expressed a desire to be given an opportunity to utilize some of the strategies in his everyday life instead of continuing therapy." While this statement appears to contradict the findings of the trial court as stated above, Dr. Monford also agreed with the statement that "[I]n order for Harold to be more successful with controlling his anger he needs to take more responsibility with regard to his behavior when he is angry[.]" Furthermore, Dr. Monford stated that while Appellant has made improvements and understands how his angry reactions will be perceived by other people, he does not necessarily feel that that type of reaction is wrong. Finally, Dr. Monford agreed that that there is nothing she could do that would totally change the Appellant. Consequently, the trial court's findings were adequately supported as to Dr. Monford.
 {¶ 23} Based on the foregoing, we cannot find that the trial abused its discretion in finding by clear and convincing evidence that it was in Josey's best interest to grant permanent custody to the Allen County Children's Services Board.
 {¶ 24} Next, regarding the determination as to whether a child can be placed with the parents within a reasonable period of time, R.C.2151.414(E) provides that a court shall consider all relevant evidence plus a list of sixteen factors which include:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
 (16) Any other factor the court considers relevant.
 {¶ 25} If the court determines, by clear and convincing evidence, that one or more of the listed factors exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.
 {¶ 26} With respect to Josey's ability to be placed with Appellant within a reasonable time, the trial court made findings pursuant to R.C.2151.414(E)(1) and (16) stating:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. Other factors considered to be relevant by the court are the father's convictions of child endangering and domestic violence and the risk of injury to the child because of [Bradford's] inability to control his anger.
 {¶ 27} In this case, appellant argues that the trial court could not make a finding under R.C. 2151.414(E)(1) because while Josey was removed from Angela's home, she was not removed from Appellant's care. However, even if the trial court erred in relying on R.C. 2151.414(1), the error is harmless as the trial court also listed other relevant factors such as Appellant's prior convictions and his inability to control his anger pursuant to R.C. 2151.414(E)(16) which are supported by the record by clear and convincing evidence as discussed in detail above.
 {¶ 28} Based on the foregoing, we cannot find that the trial court abused its discretion in awarding permanent custody of Josey to the Agency. The second, fourth and fifth assignments of error are overruled and the judgment of the Allen County Court of Common Pleas, Juvenile Division is hereby AFFIRMED.
 Judgment affirmed.
 CUPP, J., concurs.
 BRYANT, P.J., dissents.